SQUIRE ROSA v. MISSOURI, KANSAS & TEXAS RAILWAY CO.

1. PLEADING OVER, *After Demurrer Sustained; Waiver.* Where the court below sustains a demurrer to a petition of the plaintiff, on the ground that the petition does not state facts sufficient to constitute a cause of action, and the plaintiff afterward files a new and amended petition, and takes his chances on that petition, *held*, that the plaintiff thereby waives any error of the court that may have been committed in sustaining said demurrer.

2. CONDEMNATION PROCEEDINGS; *Owner of Land only, Entitled to Damages.* In a proceeding instituted by a railway company for the purpose of procuring the right-of-way for its railroad through the various tracts of land along its route, a person who is in possession of one of said tracts, but who has no title thereto, or interest therein, (the land belonging to the United States,) cannot recover damages for injury done merely to the land itself.

*Error from Neosho District Court.*

ROSA was in the possession and occupancy of certain lands taken and appropriated through statutory condemnation proceedings by the *Railway Company*, and he claimed damages for injuries alleged to be sustained to the lands so occupied. The *Railway Company* demurred. All necessary facts appear in the opinion. The district court sustained the demurrer,

at the December Term 1872, and *Rosa* brings the case here on error.

*L. Stillwell,* for plaintiff.

*T. C. Sears,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This action was originally a proceeding instituted by the Missouri, Kansas & Texas Railway Company to obtain the right-of-way for its railroad through the various tracts of land along its route in Neosho county. The plaintiff in error, Squire Rosa, was aggrieved by the assessment of damages made concerning one of said tracts of land, and thereupon he appealed to the district court. In the district court he filed a petition setting forth the facts of his case. To this petition the railway company demurred, on the ground that it did not state facts sufficient to constitute a cause of action, and the court below sustained the demurrer. The plaintiff then filed a new and amended petition, setting forth the facts of his case in greater detail. The defendant again demurred, for the same reason as before, and the court again sustained the demurrer. The plaintiff now brings the case to this court, and assigns for error the said rulings of the district court. Whether the court below erred in sustaining the first demurrer, we think is wholly immaterial; for even if the court did err, the plaintiff by filing a new and amended petition, and taking his chances upon that petition, entirely waived any error that may have been committed by sustaining the demurrer to his first petition. (*Clearwater v. Meredith,* 1 Wallace 25, 42; *Dean v. Gecman,* 44 Ill. 286; *Judge v. Moore,* 9 Fla. 269; *Young v. Martin,* 8 Wallace, 354; *Mills v. Martin,* 2 Nebraska, 299, 308, 309.) The only substantial question then for us to decide is, whether the court below erred in sustaining the demurrer to the new and amended petition. Or in other words, the question is, whether the new and amended petition stated facts sufficient to authorize the plaintiff to recover damages of any kind from the defendant.

*1. Pleading over, after demurrer sustained, waives error.*

All the damages alleged to have been committed, are damages to said land. No claim is made for injury to crops, or to buildings, or to improvements, or to anything else except the land itself. And we shall assume that the petition sufficiently states the injury to the land, and shows that such injury was greater than the amount allowed by the condemnation commissioners. We shall also assume that the petition states sufficiently that the railway company has no right or interest in or to said land except such rights or interests as it may 'obtain by virtue of these condemnation proceedings. Indeed, we shall assume that the petition is sufficient in every respect, provided it sufficiently states or shows that the plain-

2. Condemnation proceedings; owner of land, only, entitled to damages.

tiff has any such interest in said land as will enable him in an action like this to recover for damages or injuries done to the land itself. Now the petition states and shows, that said land is a part of the Osage ceded lands, acquired by the government of the United States under the Osage Indian treaty of September 29th 1865. (14 U. S. Stat. at Large, 687.) The plaintiff settled upon said land in January 1867, and has continued to occupy the same as his homestead ever since, and has made lasting and valuable improvements thereon. But there is no claim, or the slightest pretense, that the plaintiff has any title to said land. The title still remains in the government of the United States. On March 3d 1870, these condemnation proceedings were commenced by the railway company. On April 12th 1870, the plaintiff Rosa took his appeal from the assessment of the commissioners to the district court. On January 11th 1872, the plaintiff filed his said amended petition. On April 11th 1872, said demurrer thereto was filed. And in December 1872 the demurrer was sustained by the court below, as before stated. It will therefore be seen that the plaintiff's amended petition not only fails to show that the plaintiff is the owner of said land, but it shows affirmatively that he is not the owner, that he has no interest therein, and that the government of the United States is the owner thereof. Upon what ground then the plaintiff would expect to recover for injuries done to the land itself, done to the in-

heritance, is not very clear.. The plaintiff has never had any interest in the land. From the time that he settled upon said land until April 10th 1869, he had the same right to purchase said land that others had, and had no greater right; for under the treaty of 1865 said Osage ceded lands were to be sold "on the most advantageous terms for cash," and "no preëmption claim or homestead settlement shall [was to] be recognized." From April 10th 1869, to April 10th 1871, the plaintiff had the privilege of purchasing said land from the government for $1.25 per acre. (16. U. S. Stat. at Large, 55.) Since April 10th 1871, he has had no greater right or privilege to purchase said land than any other person, and no better terms have been extended to him than to any other person. But whatever has been his right or privilege to purchase said land, he has never exercised such right or privilege by purchasing the same; and therefore we think he cannot recover for injuries done merely to the land.

This action differs essentially from the action of trespass *quare clausum fregit*, and other actions referred to by counsel for plaintiff. In the first place, the defendant in this action must not be considered as a mere wrongdoer, as the defendants in the actions referred to are. The defendant in this case is attempting by a proceeding *under the statute* (Gen. Stat. 212, *et seq.;* and amendments, Laws of 1870, page 155,) to procure the right-of-way for its railroad, and is therefore not treated as a mere wrongdoer, and held bound, as a mere wrongdoer often is, to treat and consider the person in possession of the land as the owner thereof, when the fact is otherwise. Second, the plaintiff in this case has no title whatever. He does not even have that incipient title which a trespasser upon lands not belonging to the government of the United States may have by taking possession of the land and claiming it as his own. (*Wood v. M. K. & T. Rly. Co.*, 11 Kas. 348, *et seq.*) In the cases referred to by counsel, the defendant was not only a mere wrongdoer, but the title to the property had also passed from the government of the United States. Third, the action of trespass *quare clausum*

*fregit* is an action merely for injury to the possession. The plaintiff may recover in that action without the slightest claim of title. He may indeed recover against a mere wrong-doer, although his possession is itself a trespass upon the rights of some other person. *Nelson v. Mather*, 5 Kas. 153; *Fitzpatrick v. Gebhart*, 7 Kas. 46; *Pacific Rly. Co. v. Walker*, 12 Kas. 603, 604. Generally, a mere wrongdoer is not allowed to dispute the title of the person whom he has injured, but that is not this case. In this kind of case the defendant is bound to pay for only such damages as the defendant causes, and these damages go only to such persons as sustain the loss, and in exact proportion as such persons do sustain such loss. Such damages are not to be paid for twice — once to the party in possession, and once to the real owner of the land — as damages are sometimes required to be paid by a mere wrong-doer. In this kind of proceeding, damages are paid to the person or persons entitled to receive the same, without any regard to who has possession. Damages done to crops, are to be paid to the owner of the crops; damages done to the land, are to be paid to the owner of the land; and damages done to anything else, real or personal, are to be paid to the person who sustains the loss. If the land belongs to one person only, of course all the damages to it are paid to that person. But if the land belongs to two or more persons, then the damages to it are paid to the several owners in proportion to their respective interests therein. And the same rule prevails with respect to everything else on the land, or connected therewith. A person therefore who has sustained no loss by the establishment of the right-of-way, cannot recover any damages in this kind of proceeding. Now the plaintiff by his amended petition, shows that he has not sustained any loss, and that he cannot sustain any loss by the establishment of the right-of-way for the defendant's railroad, and therefore he cannot recover any damages in this case.

The judgment of the court below must be affirmed.

All the Justices concurring.