Ŧ. W. Brown and W. E. Brown, *Partners as Geo.
W. Brown & Son*, v. J. I. Case Plow Works.

No. 524.*  (59 Pac. 601.)

.. Practice, District Court—*Demurrer after Answer.* After
answer filed, it is within the discretion of the court to entertain a
demurrer to the petition, upon the ground of a misjoinder of
causes of action.

?. ———— *Amended Answer*—*Waiver of Error.* Error, if any,
in sustaining a demurrer to an amended answer is waived by fil-
ing a second amended answer.

Ⅎ. Fraud—*Acts and Declarations—Intent.* The intent to de-
fraud is shown by acts and declarations, and if a party is guilty
of an act which defrauds another, his declarations that his inten-
tions were honest cannot be taken as sufficient to overthrow the
act.

4. ———— *Evidence Sufficient.* The evidence of plaintiff exam-.
ined, and *held*, that the court did not err in overruling defend-
ant's demurrer thereto.

Error from Butler district court; C. W. Shinn,
judge. Opinion filed January 11, 1900. Affirmed.

*A. L. Redden*, for plaintiffs in error.

*E. N. Smith*, and *W. M. Rees*, for defendant in error.

The opinion of the court was delivered by

Schoonover, J. : This action was brought by de-
fendant in error as plaintiff, to recover the value of
certain agricultural implements, which plaintiff al-
leged had been unlawfuly converted by Brown & Son,
defendants below, to their own use and benefit. Plain-
tiff alleged in its petition, in substance, that it sold
certain agricultural implements to Smith & Weidlein,
a firm doing business at Augusta, Kan., and that by
the terms of the contract of sale the title to said prop-

*Petition for order to certify denied by supreme court March 10,
1900. —Rep.

erty was to remain in plaintiff until it was paid for; that defendants, with knowledge of said conditional contract of sale, converted said property to their own use, to the plaintiff's damage in the sum of $928.16.

For a second cause of action, the plaintiff alleged that on the 25th day of July, 1892, and up to the 22d day of February, 1893, Smith & Weidlein were engaged in the hardware business in Augusta, and that on the 20th day of February, 1893, they orally represented to plaintiff's agent that they were worth, over and above their indebtedness and exemptions, the sum of $10,000, and enumerated different property that they were the owners of, which statements and representations were false, and then gave defendants as references, and that each of said defendants, on or about the 20th day of February, 1893, made statements to such agent concerning the financial condition of Smith & Weidlein that were false; that said Browns, in the month of July, 1892, wrote a letter to the plaintiff of which the following is a copy:

"AUGUSTA, KAN., July 25, 1892.

"*J. I. Case Plow Co., Racine, Wis.:*

"GENTLEMEN—Yours of the 23d is at hand and contents noted, and in reply will say that I consider Smith & Weidlein all right. They carry a $4500 stock, all of which is paid for but about $500, and the commission goods they carry. These parties are rustlers and are doing a good business. The reason you did not find their names in the agency book is they bought out Hill Bros., two months ago. Weidlein owns considerable stock and Smith owns a 120-acre farm and his residence in town, both of which are clear of all encumbrance. I have known these men for several years and have no hesitancy at all in recommending them to you as good, straight men and men that will pay their bills and pay them promptly.

Yours truly,     W. E. BROWN, *Cashier*."

Brown v. Case.

It was further alleged that, upon the representations contained in said letter and the oral representations made to its agent, plaintiff sold Smith & Weidlein the goods in controversy ; that afterward defendants took possession of said goods under a claim of purchase, but that said transfer was without consideration and void and made in fraud of plaintiff's right, and that by reason of said representations and the knowledge of defendants said sale and transfer were not *bona fide,* but were fraudulent and void.

The Browns answered this petition, and when the case was called for hearing it was, upon application of plaintiff, continued to the next term, leave being granted to defendants to file an amended answer. When the case was again called for hearing defendants asked leave to file a demurrer, which motion was by the court overruled.   Defendants then filed their amended answer to which plaintiff demurred, and the demurrer was sustained as to certain defenses.

Defendants then filed an amended answer setting forth (1) a general denial ; (2) an admission that W. E. Brown wrote the letter that was attached to the amended petition, and alleging that the letter was written without consideration and at the request and was for the accommodation of the plaintiff, in response to a letter received from plaintiff ; and that all the statements were true in said letter, except the statement that Smith owned a 120-acre farm, which statement Brown had reason to and did believe was true when the letter was written, and did not know anything to the contrary until after the commencement of this suit, when he learned that the farm belonged to the wife of Smith, and said plaintiff knew that fact before the goods were sold, and Smith so informed Pollard ; and (3) that the defendants, on the 21st day of

April, 1893, took possession of certain property of said Weidlein and Smith & Weidlein, all of which was done for a valuable consideration and to secure a *bona fide* indebtedness, and did release certain sureties and guarantors they then had on the indebtedness of Weidlein ; that the contract under which the plaintiff claimed had not been filed for record, and defendants had no knowledge thereof and did not know that the property in controversy was a part thereof at the time they took possession.

To this answer the plaintiff demurred, and the court sustained the demurrer to the second cause of defense, to which ruling the defendants excepted, and elected to stand on the demurrer as filed and the ruling of the court thereon. The case was tried to the court and a jury, and a verdict returned in favor of plaintiff. The court rendered judgment on the verdict, and to reverse such judgment the defendants bring the case here.

Plaintiffs in error contend that the court erred in overruling the motion for leave to file a demurrer to plaintiff's petition. Prior to the time of filing such motion the defendant had answered, and it was therefore within the discretion of the court to entertain a demurrer. (*Stith v. Fullenwider,* 40 Kan. 37, 19 Pac. 314; *Mecklin v. Deming,* 111 Ala. 159, 20 So. 507.)

As to plaintiffs in errors' contention that the court erred in sustaining the demurrer to the first amended answer, we must hold that the error, if any, was waived by filing a second amended answer. (*Garanflo v. Cooley,* 33 Kan. 137, 5 Pac. 766; *Geiger v. Payne,* 102 Iowa, 581, 69 N. W. 554.)

It is further urged by plaintiffs in error that the court erred in sustaining the demurrer to the second cause of defense in defendants' answer. By this de-

fense the defendants attempted to put in issue the question of good faith and honest intention on the part of the defendants, in making the statement contained in the letter written in July, 1892.   The supreme court of this state held, in the case of *Wafer v. Harvey County Bank*, 46 Kan. 611, 26 Pac. 1037:

"The intent to defraud is shown by acts and declarations.   If a party is guilty of an act which defrauds another, his declaration that his intentions were honest cannot be taken as sufficient to overthrow the act." (Citing *Babcock v. Eckler*, 24 N. Y. 623.)

The only other error assigned by plaintiffs in error which merits our attention is that the court erred in overruling the demurrer of the plaintiffs in error to the evidence offered by defendant in error.   Under this assignment, counsel for plaintiffs in error in his brief discusses the question whether or not the contract set out by defendant in error was a conditional contract of sale.   We do not think that it is necessary to consider this question.   The jury, in answer to special questions, found that at the time plaintiffs in error took possession of the goods, the conditional contract—if conditional contract it was—was not recorded, and that plaintiffs in error had no actual knowledge of the existence of such contract.   It is clear, therefore, that the jury did not base their verdict upon the theory that the goods had been sold conditionally, and it cannot be held that plaintiff in error was prejudiced by any errors relating alone to the conditional-contract theory, if errors there were.

Evidence was introduced which tended to establish the allegations of the petition that the goods were sold upon the faith of representations made by Smith & Weidlein and that such representations were false; that the Browns made false representations as to the

44—9 KAN. APP.

financial condition of Smith & Weidlein, and that plaintiff relied upon such statements in extending credit to Smith & Weidlein. Defendants admitted that one of the statements made in the letter was untrue, and their own evidence shows that at the time the letter was written they knew that Smith & Weidlein were heavily in debt, either as a firm or individually. The fact that the defendants suppressed material facts of which they had knowledge in regard to the. financial condition of Smith & Weidlein, together with the fact that they afterward took possession of the goods, certainly tended to show that the Browns had knowledge that the goods were obtained fraudulently and that they participated in such fraud.

In the case of *Wafer v. Harvey County Bank*, 46 Kan. 611, 26 Pac. 1037, the supreme court held that an antecedent creditor who knows that his debtor has procured goods by fraudulent means, when the sale of such goods is partially induced by the representations of such antecedent creditor as to the credit of his debtor, cannot by a chattel mortgage secure a lien on such fraudulently procured goods adverse to the innocent vendor of such goods.

We do not think that the court committed error in permitting the evidence to go to the jury. Other errors are assigned, but they are not such as to require a reversal of the case.

The judgment of the district court is affirmed.