THE VIKING REFRIGERATOR AND MANUFACTURING COMPANY, *Appellee*, v. R. LINDSAY CRAWFORD, *Appellant.*

No. 16,747.

SYLLABUS BY THE COURT.

1. ADVERSE POSSESSION—*Continuity of Possession—Conveyance —Possession of Grantor.* The continuity of possession of real estate is not broken by a deed to a third party, not the owner, executed by the person in possession, who continues to remain in possession after the execution of his deed. His possession will be regarded as the possession of his grantee, but not that of the owner.

2. —— *Transfer of Possession—Evidence.* No paper evidence of a transfer of possession of land held under a claim of the first entry is necessary. Where the possession of real estate is actual, it may commence in parol, without deed or writing, and may be transferred and pass from one occupant to another by parol or bargain and sale, accompanied by delivery.

Appeal from Wyandotte district court. Opinion filed March 11, 1911. Affirmed.

*J. L. Smalley,* for the appellant.

*Junius W. Jenkins,* and *T. A. Witten,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: The appellee brought suit to quiet title to lots 40 and 41 in block 70, Wyandotte City, now Kansas City, claiming to be the owner by adverse possession for more than fifteen years. The court rendered judg-

ment in favor of the appellee, which the appellant seeks to reverse.

The Wyandotte Town Company held the legal title, and, on the 19th day of January, 1861, conveyed the same to David Crawford, from whom the appellant claims by a direct line of conveyances. Sometime in 1881 or 1882 W. H. Ryus took possession of the lots, in connection with six others in the same block to which he held title, inclosed them all with a fence and used them for a time as a part of a brickmaking plant, and afterward as a part of a planing mill which he operated on the property. Several years afterward he transferred the planing-mill property to E. S. W. Drought, and at the same time turned over the possession of the lots in controversy, stating to Drought that his title to them was by possession and the statute of limitations. Afterward Drought conveyed to Frederick W. Soper and delivered to him the possession of these lots, with the others, making the same statement to Soper that his grantor had made to him with respect to the nature of the title. Neither conveyance described or mentioned the lots in controversy.

Drought was a witness at the trial and testified that the lots were all inclosed together, and that after he took possession he used these lots just as he did the rest of the property, and occupied them until he transferred to Soper; that Soper held the possession in the same way; that for some reason Soper never paid him for the property and he took it back, including the lots in controversy. Soper was in possession of the property about two years. During his possession he conveyed the property to Abby J. Smith, by a general warranty deed dated January 5, 1900, which described lots 40 and 41. Soper, however, continued in possession until May 1, 1900, when he turned the property back to Drought and executed to Drought a warranty deed, which also included lots 40 and 41. At the same time

Abby J. Smith and her husband quitclaimed the property to Drought, and their deed described these two lots. Later in the same year Drought conveyed lots 40 and 41 to the refrigerator company, which has ever since remained in possession.

One contention which the appellant makes is that the possession of the appellee and its grantors was not continuous. It is insisted that the continuity was broken by the conveyance by Soper and wife to Abby J. Smith. Drought's testimony is that Soper continued in possession until he reconveyed to Drought. The Smiths never had the actual possession, but the appellee claims, and the court doubtless held, that the possession of Soper, the grantor of the Smiths, was their possession. The appellee relies upon *McNeil v. Jordan,* 28 Kan. 7, and *Sellers v. Crossan,* 52 Kan. 570. In the latter case the first paragraph of the syllabus reads:

"Where an owner executes and places upon record a warranty deed purporting to convey the complete title of land occupied by himself and family, his subsequent possession will generally be considered as in subserviency to the record title."

There can be no doubt that the expression there used, "the record title," refers to the title conveyed by the grantor. The rule, as stated in 1 Cyc. 1033, is that "the possession of one who recognizes or admits title in another, either by declaration or conduct, is not adverse to the title of such other." Soper's possession was not adverse to the title of Abby J. Smith, but it was adverse to the title of the appellant. The doctrine of *Sellers v. Crossan,* supra, is amply sustained by the authorities. (See 1 Cyc. 1039, 1040, and cases cited.) No authorities to the contrary are cited by the appellant, nor have we been able to find any cases which sustain his contention.

The appellant contends that the possession of Ryus can not be tacked to the possession of Drought, and

that the possession of Soper can not be tacked to
Drought's second possession, for the reason that neither
was transferred by deed, note or writing signed by
the parties at the time of turning over such possession.
When Drought acquired the planing-mill property and
took possession of these lots they were not included in
his deed from Ryus, nor was there any note or writing
given by Ryus turning over their possession; and the
same is true with respect to the possession which
Drought turned over to Soper.   The claim is that pos-
session constitutes an estate or interest in lands which
under section 5 of the statute of frauds (Gen. Stat.
1868, ch. 43, § 5, Gen Stat. 1909, § 3837) can not be
assigned or granted except by deed or note in writing,
signed by the parties granting the same.   This conten-
tion can not be sustained.   Title may be acquired by
adverse possession for fifteen years without color of
title, if there is a claim of right or of ownership.
(*Anderson v. Burnham*, 52 Kan. 454.)

In order that the several possessions can be regarded
as continuous and referred to the original entry, there
must be privity of estate or title.   This privity of es-
tate may be shown by deed or by parol.   The rule is
thus stated in 1 A. & E. Encycl. of L. 844:

"The privity required to constitute continuous ad-
verse possession may be effected by any conveyance,
agreement, or understanding which has for its object
a transfer of the rights of the original entry."

Among the cases cited is *McNeely v. Langan*, 22
Ohio St. 32, holding that it is immaterial, if successive
transfers of possession were in fact made, whether such
transfers were effected by will, by deed or by mere
agreement, either written or verbal.   Other cases cited
in the notes in 1 A. & E. Encycl. of L. 845, which sup-
port the rule that paper evidence of possession is un-
necessary are *Vance v. Wood*, 22 Ore. 77; *Menkens v.*

*Blumenthal*, 27 Mo. 198, 203; *Shuffleton v. Nelson*, 2 Sawy. (U. S. C. C.) 540. In the latter case it was said:

"Where the possession is actual it may commence in parol without deed or any writing, and I am of the opinion, both upon reason and authority, that it may be transferred or pass from one occupant to another by a parol bargain and sale, accompanied by delivery. All the law requires is continuity of possession, where it is actual." (p. 545.)

The court found that the appellee and its immediate grantors had been in the adverse possession of the property for more than fifteen years. The findings are sustained by the evidence, and the judgment is affirmed.