H. W. HUGHES, *Appellant*, v. J. W. RIDGEWAY *et al.*, and R. A. MARKS, *Interpleader, Appellees.*

No. 17,526.

HEADNOTE BY THE REPORTER.

TITLE AND OWNERSHIP—*Tax Deed — Adverse Possession.* The evidence examined, and it is held that the appellees and their grantors have been in adverse possession of the land in controversy for more than fifteen years.

Appeal from Decatur district court. Opinion filed April 6, 1912. Affirmed.

*J. F. Peters,* and *J. P. Noble,* for the appellant.

*Fred Robertson, A. C. T. Geiger,* and *Langmade & Caster,* for the appellees.

*Per Curiam:* Marks claimed title. He bought the tax certificate of Colby, paid for it himself, and took the tax deed in Jackson's name for his own purposes. He took possession in 1890. He took possession for himself, and either had some breaking done or else cultivated some land already broken. This was the beginning of adverse possession. Following this Marks says that parties had it rented and had possession all along all the time. The statement is undisputed and unqualified, and the court had the right to believe it and found a finding of continuity of possession upon it. It was quite natural that Marks could not name his various tenants after the lapse of so many years. Marks paid the taxes for a number of years and his claim of ownership was so notorious that people in the neighborhood referred prospective purchasers of the land to him.

In March or April, 1898, Lathrop came to Marks and wanted to know how to get the land and how much money it would take. Marks stated the situation and terms. Lathrop said he would like to have it. Marks said he could have it in the way stated, and to go ahead and occupy the land while Marks was procuring the Doyle deed. Lathrop took possession and rented to Mahana, who farmed part of the land and pastured the remainder, while Marks proceeded to take the proper steps to procure the desired deed from Doyle. Lathrop's tax certificate had matured long before, and he was evidently seeking to obtain title and possession without a contest. When Roberts went to Marks it was to see if he understood the deal between Marks and Lathrop correctly, and when Roberts bought of Lathrop it was with the understanding that Marks was still to furnish the Doyle deed. Consequently the court was justified in finding a contract between Marks and Lath-

rop and that Marks put Lathrop in possession. There is no evidence that Lathrop took possession under his tax deed adversely to Marks, and the reasonable inference is that he did not. No paper evidence of the transfer from Marks to Lathrop was necessary. (*Manufacturing Co. v. Crawford*, 84 Kan. 203, 114 Pac. 240.)

Roberts took possession as soon as Lathrop's tenant vacated, held it until he sold to Ridgeway, and Ridgeway has been in possession ever since. Therefore the conclusion of adverse possession cutting off the appellant's title is abundantly sustained.

It is not material that the tax deeds were insufficient as conveyances or that the court omitted to make findings respecting their validity, and it is not necessary to consider the court's ruling respecting estoppel.

The judgment of the district court is affirmed.