Cropper v. Goodrich.

---

KATE A. CROPPER et al., *Appellees*, v. L. W. GOODRICH et al., *Appellants*.

No. 18,154.

SYLLABUS BY THE COURT.

1. HOMESTEAD—*Deed by Wife Alone Conveys no Title, even to Subsequent Purchaser without Actual Notice.* Where a deed to property occupied as a homestead is made by the spouse in whom the legal title is vested, the other not consenting, a conveyance made by the grantee while such occupancy continues will be a nullity, even if made for value to one having no actual notice of the homestead character of the property.

2. ——— *Void Deed by Wife—Record—Notice Imparted.* Where a wife signs a deed to a homestead and leaves it with the grantee, who agrees that it is not to become effective unless signed also by her husband, but who in violation of the agreement records it, the fact that the husband as well as the wife is named as one of the grantors is sufficient to put a prospective buyer upon inquiry, and charge him with notice of such facts with respect to the execution of the deed as could have been learned by reasonable investigation.

Appeal from Washington district court. Opinion filed May 10, 1913. Affirmed.

*Edgar Bennett*, of Washington, for the appellants.

*J. R. Hyland*, and *T. P. Roney*, both of Washington, for the appellees.

The opinion of the court was delivered by

MASON, J.: A deed to L. W. Goodrich, signed only by Kate A. Cropper, but naming her husband as well as herself as a grantor, was recorded December 22, 1908. On March 1, 1909, Goodrich executed a mortgage on the property to G. C. Miller. On October 11, 1909, Mrs. Cropper (her husband joining) brought an action to cancel the deed and quiet her title against both Goodrich and Miller. She obtained a judgment, from which they appeal.

The petition contained allegations to this effect: The property constituted the family homestead, the title being in Mrs. Cropper; she signed the deed with the understanding that it was to be sent to her husband, who was away from home, and was not to be operative until his signature was attached; it was filed for record by the grantee without authority; the mortgage by Goodrich to Miller was executed while the property was still occupied by the Croppers as a homestead.

The defendants maintain, upon the authority of *Douglas v. Nuzum*, 16 Kan. 515, that the petition stated no ground for equitable relief, because if its allegations were true the deed to Goodrich was void upon its face and did not constitute a cloud upon the title. The deed was attacked, however, because of the homestead character of the property, and because of the want of valid delivery. Neither of these matters showed upon the face of the record and the remedy sought was appropriate to the situation.

Goodrich filed an answer, to which the plaintiffs demurred. The demurrer was sustained and this ruling is complained of. It is not subject to review, however, because after it was made Goodrich filed another answer, upon which the case was tried. (*Rosa v. M. K. & T. Rly. Co.*, 18 Kan. 124.) Moreover, the plaintiffs' evidence, which in view of the general finding the court must be presumed to have accepted, was directly

contrary to the material allegations of the original answer.

The defendant G. C. Miller filed an answer asking a foreclosure of her mortgage, and maintains that a judgment should have been rendered in her favor, upon the ground that she made an investment upon the faith of the record, without notice of any defect in Goodrich's title, while Mrs. Cropper was negligent in not attacking the deed sooner. When the mortgage was executed the property was occupied as a homestead, and the mortgagee was chargeable with notice of the character of the occupancy. (*Moore v. Reaves*, 15 Kan. 150; Note, 13 L. R. A., n. s., 129.) If Mrs. Cropper and her husband had joined in a deed, the fact that they continued in possession would not have been notice of any adverse claim on their part, for they would have been presumed to hold in subjection to it. (*Sellers v. Crossan*, 52 Kan. 570, 35 Pac. 205.) But here the property was at all times occupied as a homestead, and no deed had been made sufficient to pass title to it. When the mortgage was made, the property was in effect occupied by Mrs. Cropper and her husband. They could not be regarded as holding in subjection to the deed to Goodrich, for they had made no such deed. If in that situation the mortgagee could be regarded as an innocent purchaser the constitutional provision forbidding the alienation of the homestead without the joint consent of husband and wife would be practically annulled. The spouse holding the legal title could evade it by executing a deed and causing the grantee to convey to a third person, whose title would be unassailable, in the absence of proof of actual notice of the facts. These considerations would defeat the mortgage here in question, even if the deed signed by Mrs. Cropper had been drawn as a conveyance by her alone. But the fact that the deed named both husband and wife as grantors, while only one of them had signed it, without some explanation, was sufficient to

suggest that it might have been delivered before full execution, and to put a buyer upon inquiry as to the fact in that regard. In view of the evidence and the judgment of the court it must be presumed that such an inquiry would have revealed the fact that there had been no valid delivery of the deed.

The suggestion is made that upon the motion of the mortgagee for judgment on the pleadings she was at all events entitled to a personal judgment against Goodrich for the amount of the mortgage debt. The present appeal is from a judgment in favor of the Croppers, who have nothing to do with Goodrich's liability on the note.

The judgment is affirmed.