JAMES ROBERTSON, *Appellee,* v. SAM CHRISTENSON, *Appellant.*

No. 18,394.

HEADNOTE BY THE REPORTER.

1. PLEADINGS — *Answer Stricken Out — New Answer Filed — Error Waived.* Where a supplemental and amended answer is stricken out, and defendant obtains leave to file a second supplemental and amended answer, he thereby waives any error in the striking out of the first supplemental and amended answer.

2. LEASE—*Action for Breach—Proper Counterclaim.* In an attachment suit by a landlord for money claimed under the lease the defendant may set up in a supplemental answer a counterclaim for damages resulting from the wrongful seizure of his property under the attachment proceedings and also for damages to his reputation and character caused by maliciously slanderous statements made by plaintiff and growing out of the same transaction.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed October 11, 1913. Dismissed.

*A. L. Wilmoth, F. W. Sturges,* and *Fred W. Sturges, jr.,* all of Concordia, for the appellant.

*Park B. Pulsifer, Charles L. Hunt,* both of Concordia, and *Peirce E. Butler,* of Glasco, for the appellee.

*Per Curiam:* Was there error in striking out the amended and supplemental answer filed by appellant? He rented a farm from appellee on which stock was to be kept. Each party was to furnish certain things and bear a proportion of the expense. The increase of stock and the profits made were to be divided on a stipulated basis. A dispute arose between them, and appellee sued to recover money alleged to be wrongfully withheld by appellant and caused his property to be seized on attachment. An answer was filed by appellant, alleging that he had complied with the conditions of the lease, asking for the dissolution of the

attachment alleged to have been wrongfully issued and for an accounting. A trial was had, which resulted in a verdict in favor of the appellant. On application of appellee a new trial was granted, and appellant then asked and obtained leave to file a supplemental and amended answer. In it he set up the things done under the lease and the state of the accounts on his theory, alleging that he had performed his part of the contract, but that appellee, with the sheriff and others, had unlawfully seized and carried away feed, stock and other property and had maliciously and unlawfully prevented appellant from carrying out the lease and enjoying its benefits, to his damage in the sum of $5000. He also alleged that appellee had falsely and maliciously slandered him by charging that he had stolen corn and other grain upon the farm and charging that he was a liar and a thief, and that by reason of these slanderous statements appellant's character and reputation was injured to his damage in the sum of $5000. On the motion of appellee the court struck out the supplemental and amended answer, apparently holding that the claims for damages were separate and distinct causes of action which could not be set up as a defense to the action brought by appellee.

Permission to file this pleading having been granted, no reason is seen why it should have been stricken out, nor does any reason appear why the facts alleged therein were not proper matters to set up, either by way of amendment or as supplemental to the original answer. It appears, however, that after this ruling a second supplemental and amended answer was filed by appellant, in which he alleged most of the facts set up in the stricken answer. That pleading stands unchallenged on the files and supersedes the one stricken out. By filing the last amended and supplemental answer any error in the ruling upon the first is deemed to be waived. (*Rosa v. M. K. & T. Rly. Co.*, 18 Kan. 124; *Jockers v. Borgman*, 29 Kan. 109, 44 Am. Rep. 625;

*Garanflo v. Cooley,* 33 Kan. 137, 5 Pac. 766; *Reihl v. Likowski,* 33 Kan. 515, 6 Pac. 886; *Bank of Santa Fé v. Haskell Co. Bank,* 54 Kan. 375, 38 Pac. 485; *Cropper v. Goodrich,* 89 Kan. 589, 132 Pac. 163; *Brown v. Case,* 9 Kan. App. 685, 59 Pac. 601.)

The question presented not being open to review, the appeal must be dismissed.