Chamberlain *v.* Sibley.

---

SELAH CHAMBERLAIN *vs.* HENRY H. SIBLEY, Governor, etc.

This Court will not undertake to compel the Governor of the State to perform any duty devolving upon him as the Chief Executive, and properly pertaining to such office. The executive is, in such matters, independent of the judiciary. But when some official act, not necessarily pertaining to the duties of the Executive, and which might be performed as well by one officer as another, is directed by law to be done, any person who shows himself entitled to its performance, and has no other adequate remedy, may have a writ of mandamus against such officer, even if the law has designated the Chief Executive of the State as a convenient officer to perform the duty.

Points in support of application :

*First.*—Satisfactory evidence having been furnished to the

Governor, as is admitted, he had no discretion not to issue the bonds. *Vide Con. Amend. to Sec.* 10, *Art.* 9.

*Second.*—The petition shows a tender of an amount of first mortgage bonds on the roads, franchises and lands of the Company corresponding in amount to the State Bonds demanded. Upon the tender the right of the Company (proof having been made as is admitted) became an absolute and vested right.

*Third.*—There is no room left for construction of the term "first mortgage bonds." This Court has decided the very point on a former application. The term first mortgage bonds is an arbitrary one with a well defined legal signification.

The Constitutional amendment was passed with reference to such definition, and with reference to the existence of the first mortgage bonds of this Company, which were then in existence, secured by the Trust Deed executed before the enactment. *Opinion of Chief Justice Emmett on Min. & P. R. R. Company vs. Sibley.*

*Fourth.*—The right of the Company having vested before any default in the payment of interest, no subsequent default can operate to divest or impair that right.

*Fifth.*—The Constitution providing simply that the Companies who may become beneficiaries under its provisions, shall make provision for the punctual payment of the interest on the State Bonds so as to exhonorate the State Treasury, the acts approved August 12, 1858, *Gen. Laws, p.* 178, requiring payment to be made sixty days before the maturity of the interest on the State Bonds is in conflict with the constitutional amendment, and therefore void.

*Sixth.*—The petitioner became invested with his right before any default of the Company, and his right cannot be impaired by the laches or default of the Company.

*Seventh.*—So far as the default to pay interest is concerned, the neglect of the State to perform conditions precedent has exhonorated the Company from its obligation to provide for the payment of interest.

Points and authorities in opposition :

*First.*—The court has no jurisdiction :

1. Were this a question of constitutional law, or involving the construction of the constitution itself, it would be highly appropriate, and according to precedent to submit it to this court as the highest judicial tribunal of the State. Unless it could be done, it is difficult to see how error, or unwarrantable assumption of power on the part of the Executive can be corrected.

It may be said, and with apparent truth, that a public officer is such and entitled to the prerogatives of his office, only while within the constitution creating such office. An arbitrary construction of the Constitution would not in such case be protected in any officer, however high, where private rights are thereby invaded.

There should be no such immunity from law, for if so, our government furnishes no safeguard against tyranny.

But upon a question of law, or of fact, submitted by the constitution to the judgment of the Governor of a State, the case is different. He is within the limits of his constitutional functions, he is inferior to no power in the State and from his judgment in such case there is no appeal.

While, therefore, I do not take the ground that in no case can the acts of the Executive be reviewed by the court, I consider this case clearly within the Governor's discretion, and with the acts complained of the Supreme Court cannot interfere.

This view is in strict accord with the correlative duties, immunities, and liabilities of the court itself. Within its constitutional limits it is supreme. And for an innocent error even the mantle of a judicial irresponsibility is a cover. But there is a limit—a point at which it becomes the duty of the Executive to assert the supremacy of the law, and for the court to obey. And so also, of the legislature, or law making power.

JOHN B. BRISBIN, Counsel for Applicant.

C. H. BERRY, Attorney General.

*By the Court.*—EMMETT, C. J. This is an application for a writ of peremptory mandamus, to compel the Defendant as

Governor of the State to deliver to the petitioner as the assignee of the Minnesota and Pacific Railroad Company, twenty-five thousand dollars in Minnesota State Railroad Bonds, pursuant to the amendment to section ten, article nine of the Constitution, adopted April 15th, 1858.

It is not necessary to consider the merits of this case as shown by the facts detailed in the petition and answer, inasmuch as the jurisdictional question which has been raised, in our opinion, disposes of the application.

It is insisted that the Supreme Court cannot compel the Governor by mandamus or otherwise to perform any act or duty devolving upon him as the Chief Executive of the State. That he is necessarily entirely independent of the judiciary in this respect, and can be reached only by an impeachment.

This is the first time this question has been raised in this court, and we think so far at least as this application is concerned, it is well taken.

In the case reported in 2 *Minn.* 13, we allowed a writ of mandamus to issue against the Governor of the State, but in that instance the question here raised was distinctly waived. Indeed the Governor seemed only desirous of obtaining for his guidance a judicial interpretation of a clause in the Constitution, and was unwilling to interpose technical objections.

This court will not undertake to compel the Governor of the State to the performance of any duty devolving upon him as the Chief Executive, and properly pertaining to such office. In all such matters the Executive is of necessity independent of the judiciary. But when some official act, not necessarily pertaining to the duties of the Executive of the State, and which might be performed as well by one officer as another is directed by law to be done, then any person who clearly shows himself entitled to its performance and has no other adequate remedy, may have a writ of mandamus against such officer, even although the law may have designated the Chief Executive of the State as a convenient officer to perform the duty. We do not think that in such cases there is any ground for distinguishing the Chief Executive from any other officer who may be designated to do a mere ministerial act, otherwise a party might be entirely without remedy.

When, however, the Governor is directly empowered or required to do an act, not by Statute simply, but, as in this instance, by the Constitution of the State, we do not feel authorized to hold that it does not pertain to the office of the Chief Executive, or that we could compel the performance of this, or any other Executive duty, prescribed by the organic law.