## S. A. HOYT v. C. A. CARPENTER AND J. C. MODLIN.

### No. 260.

1. PRACTICE—*unverified answer to suit on note that plaintiff not real party in interest, challenges title, and general demurrer properly overruled.* An answer admitting the execution of, and the indorsements upon, a promissory note, but denying all other allegations of the petition, and alleging "that the action is not brought in the name of the real party in interest," puts in issue the ownership of such note, and challenges the right of the plaintiff to recover thereon. A general demurrer to such answer as a whole was properly overruled. A demurrer which reaches the whole pleading cannot be sustained if the pleading is good in part.

2. ———— *permitting filing of pleading out of time wholly in discretion of trial court.* The right of the trial court to grant leave to file pleadings is found in section 106, Code of Civil Procedure. This section leaves the matter of allowing pleadings to be filed after answer wholly in the discretion of the trial court.

3. ———— *exception to remarks of counsel must be taken at trial.* No objection to the remarks of counsel at the trial can be considered by this court unless exceptions are taken at the time of the trial.

Error from Jewell District Court. Hon. Cyrus Heren, Judge. Opinion filed November 15, 1897. *Affirmed.*

*M. R. Sutherland*, for plaintiff in error.

*R. W. Turner* and *T. S. Kirkpatrick*, for defendants in error.

McELROY, J. This was an action brought by S. A. Hoyt, plaintiff in error, against C. A. Carpenter and J. C. Modlin, defendants, on the following promissory note:

"$500.          BURR OAK, KAN., February 1, 1894.
One year after date I promise to pay to the order of Hester L. Doty, five hundred dollars at Burr Oak,

Kan.   Value received.   With interest at ten per cent. per annum.                                C. A. CARPENTER.
   [Indorsed] HESTER L. DOTY.        J. C. MODLIN."

The defendant Carpenter filed an unverified answer, admitting the execution of the note, denying every other allegation of fact contained in the petition, and alleging "that this action is not brought in the name of the real party in interest and should be dismissed." The plaintiff filed a demurrer to the answer for the reason that it did not state facts sufficient to constitute a defense. The demurrer was argued, overruled, and exceptions taken. Thereupon the defendant, by permission of the court, filed instanter an amended verified answer, to which the plaintiff excepted. The plaintiff filed his reply, consisting of a general denial. A trial was had upon the issues joined, which resulted in a verdict and judgment for the defendant. A motion for a new trial was filed and overruled, and the plaintiff presents the case to this court for review, alleging as errors:

I.   That the court erred in overruling the demurrer to the original answer of the defendant. In all actions, allegations of the execution of a written instrument and indorsements thereon are taken as true unless denied under oath.   § 108, Code.   The original answer admitted the execution of the note and the indorsement, denied all other allegations of the petition, and set out that "this action is not brought in the name of the real party in interest." This answer

1. Answer challenges title.
put in issue the ownership of the note and challenged the right of the plaintiff to recover thereon. The demurrer was to the answer as a whole. A demurrer which reaches a whole pleading cannot be sustained if the pleading is good in part. If the answer is defective, but contains one

HOYT v. CARPENTER.                    307

Nov. 15, 1897.        Opinion.  McElroy, J.              C. Div.

good count, a general demurrer to the whole answer should be overruled. This answer was good in part, and the demurrer was properly overruled. The ruling of the court on this demurrer could not affect the substantial rights of plaintiff in error for the reason that the case was not tried on this answer. Immediately after the court overruled the demurrer, the defendant by permission of the court filed an amended verified answer.

II. That the court erred in permitting the defendant to file an amended verified answer. Complaint is made that there was an abuse of discretion on the part of the trial court in granting leave to defendant to file such answer. This amended answer was, in substance, the same as the original. The principal difference between the amended and the original answer is that the amended answer was verified. The right of the trial court to grant leave to file pleadings is found in section 106 of the Code of Civil Procedure, which reads :

"The court, or any judge thereof in vacation, may, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this act, or by an order enlarge such time."

"This section of the Code leaves the matter of allowing pleadings to be filed . . . wholly in the discretion of the trial court." *Wingrove v. Williams*, ante, p. 262. The record is silent as to what showing, if any, was made by the defendant. If the plaintiff was not in a condition to meet the issues presented by the amended answer, he should have been allowed, upon request, a postponement or continuance of the trial. The plaintiff filed his reply, and when the case was

called both parties announced themselves ready for trial. It appears that the court did not abuse its discretion in permitting the amended answer to be filed.

III. That the court erred in overruling the motion for a new trial. Complaint is made that during the argument of the case to the jury, while plaintiff's attorney was closing, he was interrupted by R. W. Turner, attorney for the defendant, who remarked: "The name of S. A. Hoyt was not on that note when you showed it to me in your office. It was not on there when it was left at Fair's Bank, and you did not put his name on your copy, either." All of this was said in the presence and hearing of the jury. No objection was made at the time by the plaintiff to these statements. The attention of the trial court was not called to the fact or substance of the statements. These statements appear to have been made aside to the attorney. It appears that Mr. Turner did not intend to be heard by any one except the attorney to whom he spoke. The rule is well settled that an objection and exception must be taken at the time to remarks of counsel in the trial of a cause, in order to be available in this court. No objection to the remarks of counsel at the trial can be considered by this court, unless exceptions are taken at the time in the trial court.

3. Exceptions to be taken at trial.

Complaint is made that the verdict is contrary to the evidence. The verdict is supported by the evidence. It very satisfactorily appears from the evidence that the plaintiff was not the owner of the note in suit. The issues joined by the pleadings were fairly presented to the jury by the instructions of the court.

We find no error in the record and the judgment is affirmed.