CLEMENT v. DEAN.

APPEAL,—WAIVER.—A plaintiff waives his right to appeal from an order sustaining a demurrer to his complaint, with leave to amend upon payment of costs, when he does not decline the permission to amend, or to accept it burdened with payment of costs.

Before WATTS, J., Spartanburg, March, 1897.    Affirmed.

Action by William J. Clement against George B. Dean, sheriff, and Fielding Cantrell. Demurrer sustained. Plaintiff appeals.

*Messrs. H. E. Ravenel* and *J. T. Johnson*, for appellant.

*Messrs. Duncan & Sanders*, contra.

Feb. 17, 1898. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This is an appeal from an order sustaining a demurrer to the complaint, upon the ground that the facts therein stated are not sufficient to constitute a cause of action. The following statement appears in the "Case:" "After argument of counsel, the Circuit Judge announced that he would sustain the demurrer;

whereupon the plaintiff moved to be allowed to amend his complaint, and after argument, his Honor signed the following order: The above cause having been called for trial and the complaint having been read, the defendant interposed an oral demurrer on the ground that it does not state facts sufficient to constitute a cause of action: ordered, that the demurrer be sustained, and that plaintiff have leave to amend the complaint upon payment of the costs of this term."

From this order plaintiff gave due notice of intention to appeal, on the several grounds set out in the record, all of which impute error to the Circuit Judge in sustaining the demurrer. There is nothing in the record to show whether the plaintiff has or will accept or decline the privilege granted him to amend; and in the absence of any such showing, we are bound to assume that the plaintiff either has or will accept the privilege which he himself asked for. If he has already done so, or will hereafter do so, then the question whether there was error in sustaining the demurrer to the complaint as originally framed becomes a purely speculative question, which this Court will not consider; for in that event the complaint will be different from that which has been adjudged open to demurrer, and will, doubtless, contain such allegations, the absence of which afforded grounds for the demurrer. It was contended, however, in the oral argument before this Court, that the plaintiff is not bound to accept the leave to amend, burdened with the condition that he shall pay the costs of the term. If so, then the plaintiff should have made it appear, *upon the record*, upon which he asks this Court to hear his appeal, that he declined to accept the leave to amend, burdened with the condition above stated. This, however, he has failed to do; and, on the contrary, while his appeal is from the whole order, and not from so much thereof as sustains the demurrer, none of his exceptions complain of any error in imposing any condition upon the leave to amend, granted on his own motion.

We are of opinion, therefore, that the plaintiff, by the course which he has taken, has waived his right to appeal from the order sustaining the demurrer; and for this reason, without considering any of the questions which he has attempted to raise by his exceptions, his appeal must be dismissed.

The judgment of this Court is that the appeal be dismissed.