T. N. BERRY AND JENNIE BERRY v. L. F. BARTON AND W. E. BERRY.

(Filed September 2, 1902.)

PRACTICE—Demurrer—Error Waived, When—Judgment on Pleadings.
When a demurrer is sustained to a pleading, and the pleader thereupon takes leave to amend, he thereby waives the error, if any has been committed, in sustaining such demurrer. In order to take advantage of a ruling on a demurrer when such demurrer is sustained, the party must stand upon his pleading held to be defective, and not amend. When a party executes a note payable to a person named therein or to his order, and then fails to pay the same at maturity, and the payee files his petition reciting the execution of the note by the maker to the plaintiff, for a valuable consideration, and the fact that defendant has defaulted, ownership is presumed in the plaintiff, from the facts pleaded; and it is not absolutely necessary for him to formally allege that he is still the owner and holder of such note; and an answer which denies that such plaintiff and payee is the owner and holder of such note sued on, and alleges that he is not the real party in interest, states no defense, and the plaintiff is entitled to judgment on the pleadings.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before John H. Burford, Trial Judge.*

*Robert A. Lowry* and *Herod & Widmer,* for plaintiffs in error.

*F. C. Hunt,* for defendants in error.

Opinion of the court by

BURWELL, J.: On February 1, 1897, Thomas N. Berry and Jennie Berry executed and delivered to L. F. Barton their certain promissory note for $500.00 due December 1, of the same year, with interest from date at the rate of 12 per cent per annum. On February 6, 1897, the same parties executed and delivered to L. F. Barton another note for $50.00 due 12 months after date without interest. Barton the payee of the notes, on August 26, 1898, neither of the notes having been paid, commenced suit against the makers thereof in the district court of Payne county. The petition was in the ordinary form. To this petition the defendants filed their joint answer, which, omitting the caption, was in the following language:

"The defendants above named for their answer to the plaintiff's petition and to each cause of action therein stated, say: (1) They and each of them specifically deny that the plaintiff is the owner and holder of the notes sued on or either of them, and alleged that the said plaintiff is not the real party in interest. (2) For a further and second defense to said action defendants say that the defendant, Jennie Berry, is only security on said notes, and that there is another action pending in this court, wherein William E. Berry is plaintiff and the plaintiff L. F. Barton, and one Mary J. Barton are defendants. That in said action, the defendant in this action, Thomas E. Berry, has been joined in a suit with the plaintiff in this action, and one Mary J. Barton, and garnisheed as a debtor of the said Mary J. Barton, and is and has been thus prevented from paying the said notes and of this the plaintiff had full knowledge before the beginning of this action. That defendant has filed answer in said suit as required by law. That said action is numbered 702, and was pending in this court, as plaintiff well knew, when he commenced this suit. Defendants further aver that the

ownership of the notes sued on in this action, and the indebtedness thereby extended, is the property of Mary J. Barton, and has been so found and adjudged by this court, and a judgment rendered by this court, that the defendant, Thomas N. Berry pay the amount sued on in this action to W. E. Berry, the plaintiff in cause No. 702, a copy of which order and judgment is herewith filed and made a part hereof. Wherefore defendants pray judgment for their costs."

Plaintiff filed his demurrer to the second defense for the reason that it did not constitute a defense to plaintiff's cause of action or to either of them. The court sustained the demurrer, and entered the following journal entry:

"Now on this 4th day of October, 1899, the same being one of the days of the regular October, 1899, term of said court, the above entitled action came regularly on to be heard, upon the demurrer filed by the said plaintiff to the answer of the defendants filed herein, the plaintiff appearing by F. C. Hunt, his attorney, and the defendants appearing by R. A. Lowry, their attorney. And the court, after examining the papers involved in said hearing, and being fully advised in the matter by the arguments of counsel and the law of the case, finds that the said demurrer is well taken, and should be maintained. It is therefore, by the court, ordered that the said demurrer of the plaintiff to the answer of the defendants be, and the same is hereby sustained and defendants are given until November 1, in which to file an amended answer."

The defendants insist that this journal entry sustains the demurrer to the entire petition, and therefore error was committed by the trial court. There is nothing whatever in this contention. The demurrer was directed to one defense only, and while the journal entry sustains the demurrer to the answer in general terms, yet the demurrer, by the express lan-

guage contained therein, is limited to the second defense alone. There was no demurrer to the first defense, and therefore it cannot be presumed that the court intended to extend the one filed to the second defense and sustain it to the first. Plaintiff made no objection to the general denial, and the court had in mind only the second defense when it passed upon the demurrer. It is also contended by the defendants that the court erred in sustaining the demurrer interposed by the plaintiff, even as against the second defense. It is not necessary to decide in this case as to whether the second count in the answer stated a defense, for the reason that when the demurrer was sustained the defendants were granted leave to amend, and, by taking leave to amend, they waived the error, if any, in the sustaining of the demurrer. In order to take advantage of the ruling on a demurrer when it is sustained, the party must stand upon his pleading held to be defective, and not amend. While there are cases the other way, the great weight of authority supports this doctrine. (*Kingman & Co. v. Pixley,* 7 Okla. 351; *Young v. Martin,* [U. S.] 8 Wall. 354; *Zimmerman v. Gaumer* [Ind.] 53 N. E. 829; *Simpson v. Texas Tram & Lumber Co.* [Tex.] 51 S. W. 655; *Chicago & A. R. Co. v. Pearson,* 82 Ill. App. 605; *German v. Bennington and R. R. Co.* [Vt.] 42 A. 972; *Hagley v. Hagley* [Cal.] 9 Pac. 305; *Chicago C. C. & St. L. Ry. Co. v. Bozarth,* 91 Ill. Ap. 66; *Mitchell v. Smith,* 74 Conn. 125; *Anthony v. Slayden* [Col.] 60 Pac. 826; *City of Huntington v. Gast* [Ind.] 56 N. E. 949; *Ellinger v. City of Baltimore,* [Ind.] 45 A. 884; *Louisville & N. R. Co. v. House* [Tenn.] 56 S. W. 836; *Geizer Mfg. Co. v. Kingman* [Ia.] 82 N. W. 938; *Phoenix Ins. Co. v. Belt Ry. Co.* [Ill.] 54 N. E. 1046;

*Brown et al. v. J. I. Case Plow Works,* [Kan.] 59 Pac. 601;.
*Scheiber v. U. S. Telephone Co.* [Ind.] 55 N. E. 742.)

But it is argued that in this case, the defendants did
not plead over, and therefore they are in a position to urge as
error the sustaining of the demurrer. This position cannot be
sustained. It is true that nearly all of the cases state that,
by pleading over after a demurrer has been sustained, a party
waives the error, if any has been committed by the court
in such ruling. The rule not only applies where the party
actually pleads over, but also where he takes leave to plead
over after a demurrer has been sustained to his pleading. It
is the intention of the party as indicated by his acts, at the
time, which fixes his standing in court. By taking leave to
amend he thereby indicates his intention to abandon his for-
mer position and to draft his pleading upon a different theory,
or to state his cause of action in different language. By tak-
ing leave to amend, he admits the insufficiency of the pleading,
and he is bound by his own conduct, and cannot afterwards
take advantage of it. Any other rule would permit delays
under the guise of a desire to submit to the ruling of the
court and amend, when in fact the party had no intention of
amending. Courts everywhere insist upon such rules of prac-
tice and conduct of parties litigant as will promote jus-
tice and such as will not encourage or countenance de-
ception. The attorney is supposed to know the law of
his case equally as well as the court, and inasmuch
as the statute, with the permission of the court, allows
a party at his own election to amend or stand on his
pleading, it is only fair that he should make his election
and then be bound by it; and if he elect to amend, he can-

15--Vol 12

not afterward, simply because his own views of the law may have changed, or further investigation convinced him that his former position was correct, urge error in a ruling which he had accepted as the law. When he elects to amend he abandons, not necessarily his view of the law as urged against the demurrer, but that particular pleading, and it is just the same as though it had never been filed, and a party who expressly abandons a pleading cannot at his own election, without permission of the court, urge it as an existing pleading in the case. These views are supported by the authorities, as will be seen from a few cases from which we will quote:

*Brown et al. v. J. I. Case Plow Works,* (Kan.) 59 Pac. 601; "Error, if any, in sustaining a demurrer to an amended answer, is waived by filing a second amended answer."

*Phoenix Ins. Co. v. Belt Ry. Co. Chicago, Ills.* 54 N. E. 1064; "Where a party desires a review on an appeal of a ruling on a demurrer, he must abide by the demurrer."

*Anthony v. Slayden,* (Col.) 60 Pac. 826: "Another point appellant makes is that the order overruling the demurrer to the first amended complaint is now open to review. While conceding the general rule to be that a party waives a ruling sustaining a demurrer to his pleading, when he pleads over or amends, yet he says this has no application here, for he was not allowed to file a second amended complaint, and therefore got no benefit from his election. This reasoning is specious but not sound. Indeed, unless we treat the tendering of the second amended complaint as an application for leave to amend, or as the act of presenting an amended pleading in pursuance of previous leave, plaintiff has no standing at

all, for an order of court is a condition precedent of the right to amend. By tendering for filing the second amended complaint, though it was refused, he manifested an intention to waive any error that may have been committed by the court in sustaining the demurrer to the first amended complaint, and waived the right to assign error thereto, just as clearly as though he had succeeded in procuring an order for its filing, and afterwards the court had stricken it from the files or sustained a demurrer to it. It is not true, as claimed, that plaintiff was cut off of a right to amend. The court did not decide that some kind of an amendment might not be made, but only that the second amended complaint tendered was not proper; and when a party can assign error either to a ruling refusing leave to file, or striking from the files an amended pleading, he may not also assign error to a previous ruling sustaining a demurrer to an earlier pleading which the amended one was intended to supplant. It would be manifestly unfair to permit this to be done."

And again, on page 829 of the same report, on rehearing of the same case, it is said in a *per curiam* opinion:

"We said distinctly in the former opinion that plaintiff was not in a position to question the rulings of the trial court in sustaining demurrers to either of his first two pleadings, for the reason that by the filing of the first amended pleading he is conclusively deemed to have waived error, if any there was, in the order of the court sustaining the demurrer to the original complaint; and when he elected to file a second amended complaint, when the court sustained the demurrer to the first amended complaint, he likewise abandoned the latter pleading. We also said, and repeat, that when plaintiff tendered for filing or filed his second amended complaint, all former pleadings were as if they had not been filed, save

only for the purposes of comparison, and we held that our examination of the former pleadings was made solely for the purpose of enabling us to determine whether the second amended complaint tendered for filing was proper in this action."

And in *Wickham v. Hyde Park Building & Loan Association,* 80 Ill. App. 523, it is held that, by taking leave to file an additional plea without electing to stand by the plea to which a demurrer was sustained, is a waiver of all right of exception to a ruling of the court on the demurrer.

The appellants however contended that, at the time of the sustaining of the demurrer to the second count or defense, they did not take leave to amend but refused to plead further. This may be true, but the transcript presented, when aided by the legal presumptions, refutes this contention. The language of the journal entry of the court is as follows:

"It is therefore by the court ordered that the said demurrer of the plaintiff to the answer of the defendant, be and the same is hereby sustained, and defendants are given until November 1st, 1899, in which to file an amended answer."

The defendants were present by attorney, and if they desired to stand upon the answer it was the duty of counsel to see that the record of judgment so stated. The record cites that the defendants were given until a certain day in which to amend, and it will be conclusively presumed (this provision granting amendment being in the defendant's favor, in the absence of a showing in the record to the contrary,) that it was made at their request.

In the case of *Clement v. Dean,* 28 S. E. 942, the supreme court of South Carolina said:

"This is an appeal from an order sustaining a demurrer to the complaint upon the ground that the facts therein stated are not sufficient to constitute a cause of action. The following statement appears in the 'case': 'After argument of counsel, the circuit judge announced that he would sustain the demurrer, whereupon the plaintiff moved to be allowed to amend his complaint, and after argument, his Honor signed the following order: The above case having been called for trial, and the complaint having been read, the defendant, interposed an oral demurrer on the ground that it does not state facts sufficient to constitute a cause of action. Ordered that the demurrer be sustained, and that plaintiff have leave to amend the complaint upon payment of the costs of this term.' From this order plaintiff gave due notice of his intention to appeal, on the several grounds set out in the record, all of which impute error to the circuit judge in sustaining the demurrer. There is nothing in the record to show whether the plaintiff has or will accept or decline the privilege granted him to amend, and, in the absence of any such showing, we are bound to assume that the plaintiff either has or will accept the privilege which he himself asked for. If he has already done so, or will hereafter do so, then the question whether there was error in sustaining the demurrer to the complaint as originally framed becomes a purely speculative question, which this court will not consider; for in that event the complaint will be different from that which has been adjudged open to demurrer, and will, doubtless, contain such allegations the absence of which afforded grounds for the demurrer. It was contended, however, in the oral argument before this court, that the plaintiff is not bound to accept the leave to amend, burdened with the condition that he shall pay the costs of the term. If so, then the plaintiff should have made it appear upon the record upon which he asks this court to hear his appeal that he declined to accept the leave to amend, burdened with the condition above stated. This, however, he has failed to do, and, on the contrary, while his appeal is from

the whole order, and not from so much thereof as sustains the demurrer, none of his exceptions complain of any error in imposing any condition upon the leave to amend granted on his own motion. We are of the opinion, therefore, that the plaintiff, by the course which he has taken, has waived his right to appeal from the order sustaining the demurrer; and for this reason, without considering any of the questions which he has attempted to raise by his exceptions, his appeal must be dismissed."

The next contention of the plaintiff in error is that the court erred in sustaining plaintiff's motion for judgment on the pleadings. We have already held that, under the circumstances, the second defense is out of the case, and that whatever rights the defendants have are under the first defense which alleges:

"That the defendants each deny that the plaintiff is the owner and holder of the notes sued on, or either of them, and allege that the said plaintiff is not the real party in interest."

The question as to whether such an answer puts the plaintiff upon his proof of ownership has been before the different courts of the country a great many times, and the authorities are apparently very conflicting. But, perhaps, this is due to the fact that different states have different statutory provisions regarding pleadings. Yet even states which have virtually the same statutes disagree as to the rule. We therefore deem it advisable to notice a few of these decisions and, if possible, lay down a rule which is founded in reason and legal principle, as well as supported by the adjudicated cases.

The first case we will notice is *Rohrer v. Turrill,* 4 Minn. 309. The plaintiff, as assignee of a banking firm sued the defendant on an ordinary promissory note, which came into

the hands of the plaintiff as a part of the assets of the con-cern. The defendant for answer set out, by proper averments, that the assignment to plaintiff was fraudulent, and intended to prefer, by collusion, certain other creditors; and then, for a second defense, alleged that said preferred creditors colluded with the plaintiff and recovered several large judgments in the district court of the United States, exceeding in amount the sum of the assets of Caldwell & Company and issued exe-cutions thereon, under which, with the knowledge and con-sent of the plaintiff, the United States marshal levied upon and attached the assets, including the note in the complaint named, and that, under such levy, the marshal holds the note. The plaintiff filed a motion for judgment on the pleadings, which the court sustained. This ruling on appeal was held to be error, the court saying:

"In the first place, the action can only be sustained by the real party in interest; and although the defendant admits that he owes the demand to some one, he has a perfect right to insist that no one but the true owner of it shall recover a judgment against him; this is absolutely necessary for the protection of the defendant from further suit against him by the real owner of the demand; because a plea of former re-covery by anyone but the true owner is no bar to a suit by th true owner."

In *Hays v. Hathorn*, 74 N. Y. 486, the plaintiff claimed as the transferee of the note, and defendant's answer denied the transfer or that plaintiff was the legal owner and hold-er, or the real party in interest, and alleged that it was trans-ferred to another who was the owner and holder, and the real party in interest. On the trial plaintiff produced the note endorsed in blank by the payee. Defendants offered to prove

the allegations of the answer, which offer was rejected and judgment rendered for plaintiff. The appellate court said:

"From this glance at the case, it appears that it is ordinarily no defense to the party sued upon commercial paper, to show that the transfer under which the plaintiff holds it is without consideration, or subject to equities between him and his assignor, or colorable and merely for the purpose of collection, or to secure a debt contracted by an agent without sufficient authority. It is sufficient to make the plaintiff the real party in interest if he have the legal title, either by written transfer or delivery whatever may be the equities between him and his assignor. But to be entitled to sue, he must now have the right of possession and ordinarily be the legal owner. Such ownership may be as equitable trustee, and it may have been acquired without adequate consideration, but must be sufficient to protect the defendant upon a recovery against him, from a subsequent action by the assignor. As we understand the scope of the offer in the present case, it went to entirely disprove any ownership or interest whatever, or even right to possession as owner, in the plaintiff. It should, therefore have been admitted. It may be true that the plaintiff, if this note had been delivered to him with the intent to transfer title, might have lawfully overwritten the blank endorsement with a transfer to himself; it is also true that the production of the paper by him was *prima facie* evidence that it had been delivered to him by the payee and that he had title to it, but the defendant's offer was precisely to rebut this very presumption, and for aught that we can know, the evidence under it would have done so."

In *Osborn v. McClelland,* 43 O. State, 284, it was held that where an endorsee of a promissory not sues the maker, it is a good defense to plead that the maker is not the real party in interest, as every action must be prosecuted in the name of the real party in interest, except in certain cases.

named in the statutes. In *Bostwick v. Bryant* (Ind.) 16 N. E. 378, decided February 28, 1888, the supreme court of In-diana held that, under the revised statutes of that state, which provide that every action must be prosecuted in the name of the real party in interest, an answer averring that the note sued on was transferred to plaintiff without considera-tion for the sole purpose of suing and collecting the same for the benefit of the real owner, is sufficient on demurrer. And again in *State v. Ruhlman,* (Ind.) 11 N. E. 793, the court said:

"But the fourth paragraph of answer was not a plea in abatement, but was, on the contrary, an answer in absolute bar of the relator's action. Without controverting any of the allegations of the relator's complaint, the appellees simply said in the fourth paragraph of their answer, the substance of which we have heretofore given, that the relator had no interest whatever, as heir at law or legatee of Bernhard Henry Ruhlman, deceased, in the three promissory notes which were the subject-matter of this suit; but that, by reason of such de-cedent's bequest of all his personal property, money, and notes to his widow, Susannah Ruhlman, who is still living, she be-came and was the only real party in interest in the subject-matter of this action. Our code provides that 'Every action must be prosecuted in the name of the real party in interest.' It is settled by our decisions that an answer, which states facts, showing, if true, that the plaintiff had no interest in the subject of the action at the time of its commencement, and that some person, (naming him) other than such plain-tiff, was at the time the real party in interest in such suit, is an answer not in abatement but in absolute bar of the pending action. * * * * * * It must be held, there-fore, we think, that the fourth paragraph of the appellee's answer herein stated a good defense in bar of this action, and that the relator's demurrer to such paragraph was correctly overruled."

Counsel for appellants have cited these cases, and we have quoted from them for the purpose of showing that in each of them the plaintiff was not the payee of the note, but was an endorsee of the payee, or claimed title by virtue of some process of court, or by inheritance. But, even all of the cases cited by counsel do not support their contention. For instance, the case of *Swift et al. v. Ellsworth,* 10 Ind. 206, is cited by appellants. This case shows that an answer, such as the one in question, is not good even against an endorsee. The language of the third defense in that case was: "That Ellsworth was not the real party in interest, but that the note was the exclusive property of Rowe." Then the fourth defense alleged:

"That said note was assigned by the defendant Rowe to the plaintiff, by endorsement in blank, as alleged; that it was so assigned and delivered by the plaintiff to Rowe, to secure to said plaintiff 2,500 dollars which Rowe owed plaintiff, and for no other consideration; that after said assignment and delivery, the defendant, Swift, paid to the plaintiff the said sum of 2,500 dollars in full being all the interest of the said Ellsworth in said note, and that, since said payment, the said plaintiff has not acquired any interest in the residue of said note; that the said payment is credited on the note and that the plaintiff is not the real party in interest in this suit, but that the said defendant, Rowe, is the exclusive owner of said note."

In this case the supreme court of Indiana not only hold that such an answer as the third defense is not good, but that it is necessary for the defendant to plead the facts. The court said:

"The third paragraph is clearly bad. (*Lanson v. Falls,* 6 Ind. 309.) That was a suit similar to this, and the answer

was the same as this third paragraph. It is there said: 'The defect in the paragraph in question is, that, in effect, it admits the assignment of the note and mortgage, but does not contain such a state of facts as would enable the court, in view of the assignment, to say, as a matter of law, that. Falls is not the real party in interest.' The third paragraph. in this case is open to the same objection.

"The fourth paragraph is framed with a view to avoid that objection, by setting out the facts specifically, and causing the truth thereof to be verified by affidavit. The appellees insist that, even if this fourth paragraph shows facts sufficient to enable the court to say that Ellsworth was not the real party in interest, yet, under the statute, he was, as the holder of the note by assignment, entitled to maintain the action in his own name."

The court held, however, in this case, that the only way in which proof could be offered was by first pleading the facts from which the court could determine that the plaintiff was not the real owner of the note.

The next case cited by appellant is *Wilson and another v. Clark*, 11 Ind. 385. This case does not support appellee's theory of the case at bar. It is true that this action was by the payee in the note, but the answer alleged the facts, from which the conclusion that he was not the real owner and holder of the note, and not the real party in interest, necessarily followed. The following was the answer filed:

"Answer, by defendants, that, before the commencement of this suit, said Clark, the payee of the notes and plaintiff in the suit, sold and delivered said notes to Thomas J. Spalding, and received from said Spalding the price and consideration of said sale and delivery; that from the time of the delivery by said Clark to Spalding up to the present, they have

been wholly the property of Spalding, and in his possession; that said Spalding is the only person who has any real interest in or title to said notes, or their proceeds; that said Clark, by said sale and delivery assigned said notes to said Spalding without endorsement; that said Clark is not the owner of said notes, or either of them, nor has he any interest whatever in or to them, nor has he now or at any other time since said sale, had either of said notes in his possession, nor did said Clark direct or authorized this action to be commenced in his name, but it was commenced by the direction of said Spalding alone."

This answer was not merely a conclusion, but was full and explicit, and stated the facts which showed that plaintiff had parted with the title, and had no interest whatever in the notes.

The case of the *County of Pendleton v. Henry Amey,* 13 Wall. (U. S.) 297, was an action of debt for something over $13,000 claimed to be due him on 384 coupons representing the unpaid interest on fifty bonds for $1,000 each, which had been issued by the county in payment of a subscription to the capital stock of a railway company. The bonds were payable to bearer. The petition, among other things, alleged that the bonds were sold by the railway company to plaintiff for $50,000 and delivered to him with the coupons attached, and that the plaintiff became the owner, holder and bearer thereof. The defendant answered, alleging that the plaintiff was not, at the time of filing his declaration, or at the time defendant answered, the owner, holder or bearer of the said alleged bonds or coupons, nor of any or either of them, as in the declaration mentioned. The court said:

"Now, in regard to the first plea, while it is true that the defense which it sets up was only inferentially an answer

to the plaintiff's complaint, and while it might as well have been set up under the general issue, it was nevertheless, a traverse of a material averment of the declaration. The coupons were made payable to bearer, but if the plaintiff was neither the owner, nor the holder, nor the bearer, they were not promises to pay him, and the county was not indebted to him. Hence it was material to his case to aver, as he did, that he was the bearer, and the plea took issue with this averment. It denied the title of the plaintiff or his right of action and though faulty in form, in substance it amounted to a defense. It was, therefore, error to overrule upon a general demurrer."

This case was also by one not the payee, and the answer is different from many others which on first reading might appear to be the same; and then we should consider the facts of the whole case. These bonds and coupons were payable to bearer and then, so far as the record discloses, were not assigned to the plaintiff; there was no acknowledgment of the railroad company, to whom the bonds were originally delivered, that it had sold them to plaintiff. The only evidence of the sale, outside of the allegations of the petition, was the possession of the bonds. Now, it was necessary to show by the petition that the bonds had been sold to the plaintiff, and that he was the owner thereof; and the answer, following the language of the petition, denied that plaintiff was the owner, holder or bearer of such bonds. And, while the supreme court of the United States criticised the answer, it held that the answer was good as against a general demurrer. There was no privity of contract between the plaintiff and the defendant, and the defendant was therefore in a position to require him to prove his title to the bonds. And, while perhaps the greater number of adjudicated cases in the code

states are the other way, yet it is probably the rule in the United States courts that, in the absence of a written transfer of a negotiable instrument by the payee, an answer denying that plaintiff (who claimed title through the payee) is the owner or holder of such instrument, or the real party in interest, is sufficient as to such ownership; but the rule as to a payee is governed by different principles, which we will discuss later.

In 1884, the supreme court of the United States decided the case of *Burley, Receiver, v. German-American Bank*, 4 Sup. Court Rep. 341; but while it discusses to some extent the fact that an action must be prosecuted in the name of the real party in interest, the decision is based upon the statutes, and the decisions of the court of appeals of the state of New York, as the question presented was a matter of practice. The facts in that case were briefly as follows: The plaintiff was receiver of the Cook County National bank of Chicago, and the defendant was a corporation of New York. The complaint alleged that the defendant held three promissory notes maturing February 12, 1875, for $10,000 each, made by the Charter Oak Life Insurance company, as collateral security for a loan of $25,000; that the notes were paid to the defendant at maturity, and there was a surplus beyond what was due it on the loan amounting to $5,000; that the notes were at the time the property of the plaintiff, as receiver, and that the defendant received notice of such ownership prior to the payment, and then prayed for judgment for the surplus. The answer averred that on October 20, 1874, one Bowen, borrowed of the defendant $25,000, and delivered the three notes to it as collateral security; that they

were negotiable and not due, and were duly transferred by Bowen to the defendant; (he then having the legal title to them, and them claiming and the defendant believing him to be their owner) ; that said notes were paid, and the loan of $25,000 canceled, and the surplus of $5,000 applied upon other notes signed by Bowen, and they were then canceled and delivered to Bowen. The answer then contained a clause which denied each and every allegation contained in the complaint, except such as were expressly admitted. On the trial the defendant offered evidence tending to prove that one Allen was the owner of the notes and the court held that it could make such proof under the general denial. The plaintiff was not the payee, and the only thing in the entire case which indicated that he was the owner of the note, was an allegation to that effect in his complaint. And of course the general denial under such circumstances, put him upon his proof, and the defendant under such answer, could prove title in some one else.

The only case we have been able to find which is squarely in point, and supports the appellant's position, is the case of *Boggs v. Wann,* 58 Fed. Rep. 681. In this case the United State circuit judge for the Northern district of Ohio, held that an answer that denied that the payee of a note payable to order was the lawful owner, under the statutes of Ohio, is good as against a general demurrer. We are, however, unable to determine the exact language of this answer, as the learned judge only pretends to give its substance. This decision is based on an Ohio statute, and it must not be forgotten that the federal courts always follow the practice of the state courts, where sitting, and the construction of the state courts upon

their own statutes; but this decision, so far as we have been able to investigate, goes beyond the decisions of the state courts of that state, and while we have the highest regard for the opinion of the justice who rendered this opinion, we cannot agree with his conclusions on this point. It is quite probable, though, that the court had in mind the case of *Stoutenberg v. Lybrand et al.* 13 O. State, 228, and other similar cases, when he wrote the opinion referred to. But in that case the answer not only alleged that the plaintiff was not, at the commencement of the action, and was not then, the owner of the note in the petition described, but that one J. C. Evans was the holder of said note when the same became due. The plaintiff was an endorsee, and there were other allegations in the answer, such as failure of consideration, which made it good as against a demurrer.

The case of *Hoyt v. Carpenter,* 6 Kan. App. 305, 51 Pac. 71, is sometimes cited as supporting appellant's theory, but this case, like many of the others, the plaintiff was not the payee.

It is unnecessary, in our opinion to refer to any other cases holding that such an answer as the one in this case is good as against a plaintiff who holds the note as endorsee; but as indicated before, it is not good as against a payee of a note, unless there is something in the pleading or about the note which raises a presumption against such ownership, or something, at least, that throws doubt in relation thereto; as for instance, where the payee of a note assigns it by written endorsement on the back to another, and then brings suit against the maker without cancelling the endorsement, and the petition contains no allegation showing that the note

was afterwards transferred to the payee, and that, at the commencement of the action, he was its legal owner and holder; although there is able authority holding that such a state of facts raises no presumption against the ownership of the payee.

At common law, a plea of the general issue put the plaintiff upon proof of his title, and under a general denial, the defendant could prove that he did not execute the instrument; could prove want of consideration, and, in fact, such a plea denied all of the material averments of the declaration. Such a pleading admitted nothing, and this is true under the statute, except where changed by legislative enactment. But an unverified general denial under our statutes does not put in issue the execution of a written istrument; hence in the case at bar, the defendants admit in law that they executed the notes in question, and the presumption is that they executed them for a valuable consideration, flowing from the payee to them. By the delivery of the notes to the plaintiff they acknowledged him to be the owner thereof. And it is a well established rule, that, once a condition is shown to exist, the presumption is that the same condition continues until the contrary is made to appear. It is not sufficient where the execution of a negotiable instrument is admitted, as well as the consideration, to merely allege that the plaintiff, who is the payee, is not the owner and holder of such instrument, and not the real party in interest. He must show by his pleading why the payee is no longer the owner and holder. He must state facts, which, if true, irresistibly lead to such conclusion. The payee is the party with whom he made his contract, and he will not be permitted to allege generally that such payee is

not the owner and the real party in interest. If the payee is no longer the owner, by what means was he divested of title? By virtue of what transaction did some one else become the real party in interest? If the defendants possess this information they can allege the facts. If they have no such information, then payment to the payee, who is in possession of such instrument after maturity, would be a good defense as against anyone else. It has been said by many of the courts that a maker of a negotiable instrument is entitled to pay it to the real owner—to the real party in interest, and that suit can only be maintained by such an one; but having received the consideration from the payee, the makers are estopped from denying generally that he was the owner and the real party in interest at the time of the delivery of the notes. Something more is required. The makers, as alleged in the petition, on a certain date, for value received from the payee, executed and delivered these notes to him. They are past due and unpaid. These facts are not denied by the defendants. Do these facts make the plaintiff the owner and holder of the notes and the real party in interest. Undoubtedly so. Then is it a defense for the defendants to simply allege that the plaintiff is not the owner and holder of the notes, and not the real party in interest, when they admit the facts which conclusively show that the statement is false? The question admits of but one answer. And having admitted the facts which show the ownership of the plaintiff, at the time the notes were delivered to him, the defendants must affirmatively allege some state of facts which establishes a change of ownership from the payee to some one else before they can insist on introducing evidence to establish such a defense.

In the American & Eng. Ency. of Pleading and Prac., Vol 14, p. 670, it is said:

"The plea or answer must with proper definiteness and certainty allege facts affirmatively showing how or why the plaintiff is not the owner of the instrument, and it is not sufficient to allege mere conclusions of law," (Citing cases from Alabama, Arkansas, California, Indiana, Maryland, North Carolina and other states.)

And again in the same volume on the next page:

. "Where the plaintiff alleges facts from which the law presumes that he is the legal owner and holder of the instrument, and also avers that he is the legal owner and holder of the instrument, a plea or answer denying merely the plaintiff's conclusion that he is the owner or holder, without denying the facts alleged by the plaintiff upon which such conclusion is based, presents no issue and is immaterial and irrelevant."

And again on page 674:

"According to some authorities, where the instrument appears to have been made payable to the plaintiff, and not to have been assigned or endorsed by him, a plea or answer alleging that the plaintiff is not the legal owner or holder of the instrument, or that he is not the real party in interest, without averring any facts upon which such conclusions are based, as that a stranger to the action is the owner of the instrument, is bad."

But the same section continues, stating:

"There are other authorities, however, holding that a denial that the payee was at the time of the commencement of the action, or at any time thereafter, the lawful owner and holder of the instrument, and denying that the defendant is indebted to the plaintiff, as alleged by him, is good."

It will be noticed that, even under the other rule, the text states that defendants must deny that they are indebted to the plaintiff. We referred to these cases and commented upon them in the fore part of our discussion of this question, in this opinion. We shall notice them no further, but will now cite some authorities supporting the position taken. In *McClure et al. v. Bigstaff et al.* (Ky) 37 S. W. Rep. 294, the court said:

"The action of the court upon the demurrers to the various paragraphs of the answer, was, in our judgment, correct. The third paragraph, denying plaintiff's ownership of the notes, is not only objectionable, as argumentative, being a denial that he is the owner 'as assignee of the venders in the deed of Sarah F. Triplett and others,' etc., but seems also to fall within the rule laid down in *Van Buskirk v. Levy,* 3 Metc. (Ky.) 134. The facts must be pleaded affirmatively, showing how or why the plaintiff is not the owner."

*Felch v. Beaudry,* 40 Cal. 439:

"A defense by the payer of a note, that the plaintiff is not the lawful owner or holder of the instrument sued on, when, upon its face, it runs to him, and which discloses no issuable fact to support it, is merely frivolous."

*Frost v. Harford,* 40 Cal. 165:

"The defense set up in the answer to the effect that the plaintiff, Margaret, is not the legal owner and holder of this note, which runs to her upon its face, is frivolous; and the other defense that the note is not her separate property, is the statement of a mere conclusion of law; and each of these pretended defenses would doubtless have been stricken out in the court below on motion."

*Poorman v. Mills & Co.,* 35 Cal. 118:

"In an action on a promissory note by an endorsee, the

fact of the endorsement only need be pleaded to show title in the plaintiff, and an averment in the answer that the plaintiff is not the legal owner or holder of the note, is but a legal conclusion, and raises no issuable fact; and so an averment in the complaint that plaintiff is the owner and holder of the note and entitled to receive the money due thereon, presents no issuable fact, and will be treated as surplusage."

*Wedderspoon v. Rogers,* 32 Cal. 569:

"In *Seeley v. Engell,* 17 Barb. 530, the complaint contained an allegation of ownership of notes, and the answer a denial of ownership, precisely like those in this case. The referee excluded evidence offered by defendant to show that the plaintiff was not the owner of the notes, to which ruling defendant excepted. In considering the question the court say: 'On the part of the defendant, evidence was sought to be given by him that the plaintiff was not the lawful holder and owner of the note. These offers were repeated in various forms, but substantially to the same effect, and the referee excluded the testimony offered on the ground that the answer was insufficient to admit the evidence. Upon the authority of various cases cited on the argument, we think this ruling was right.'

"The denial clearly raised no material issue of fact. The affirmative allegations of the answer were but an averment of the same matter in an affirmative form. It averred certain legal conclusions already stated, but presented no new issuable facts. There was nothing which obviated the legal conclusion, which followed, necessarily, from the facts averred in the complaint, and admitted by the answer. On the admitted facts the plaintiff was entitled to judgment. There was no issuable fact presented by the answer relevant to the case made by the complaint. The answer was, therefore, properly struck out as irrelevant under section 50 of the Practice act If it could be regarded as good in form, it was also manifestly sham within the rules upon the subject. * * * * The

note was payable to plaintiff, and does not appear, by aver-ment or otherwise, to have even been assigned. The judgment is therefore right under the principles announced."

*Monroe v. Fohl,* 14 Pac. 514:

"The execution and delivery of a note payable to the or-der of plaintiff, being admitted, a denial that the plaintiff is the 'holder' of it and an allegation that a third party is such 'holder', without stating any facts showing such to be the case: Held to be conclusions merely, and not to raise an issue."

*Wheeler v. Barr et al.* (Ind.) 34 N. E. Rep. 591:

"There was evidence from which the court might have concluded that the money for which the note was given was not the property of Wheeler, the payee of the note, but of his sister. Wheeler testified that his sister had left some money with him to be loaned out at interest, and he seemed to be wil-ling to concede that this was the identical money, but claimed that the note was his property and that he was responsible to his sister for the amount he had thus received from her. We are informed by appellant's counsel, in their brief, that the court based its finding for the appellees largely upon the ground that the appellant was shown not to be the real party in interest. As the appellee's brief is silent upon this point, and as the record does not disclose the grounds of the finding, we are, of course, unable to know the real basis of the learn-ed court's conclusion. But as this court is in duty bound to sustain the judgment of the trial court, if it can be done upon any legal hypothesis, it will not be improper for us to enquire into the point suggested with a view of determin-ing whether a proper solution of the question should result in the affirmance of the case. We are, however, unable to come to the conclusion that, if the money represented by the note was the property of appellant's sister, the plaintiff must fail. In the first place the appellees did not tender any issue of

that kind by their answers or cross-complaints; but, if they had done so, we do not see how it could avail them. The decided cases clearly establish the rule that the makers of a note are estopped to deny that the payee of the instrument is the real party in interest. * * * We are of the opinion that the appellant's motion for a new trial should have been sustained." * * * *

*Bank of Shasta v. Boyd,* (Cal.) 34 Pac. 337:

"It is claimed that the answer raised a material issue as to the ownership of the note, which appears to have been made to plaintiff, not assigned to it. The allegation that the plaintiff was the owner of a note thus made was unnecessary, and therefore surplusage. It tendered no material issue, and the denial of it was therefore irrelevant." * * * *

*Johnson v. Conklin,* (Ind.) 21 N. E. 462.

"But if we should consider the original answer as properly in the record, and the exceptions as available, it would not change the result, for the answer is bad. It seeks to show that the payee of the note was not the real party in interest at the time the note was executed, and this the maker of a promissory note is estopped from doing."

*Blacker v. Dunbar,* (Ind.) 9 N. E. 104:

"It is claimed by appellant's counsel, that the trial court erred in sustaining appellee's demurrer to the foregoing paragraph of answer. Counsel concede, as we understand them, that the facts stated are not sufficient to constitute a good plea in abatement, but they insist that these facts constituted a good answer in bar of appellee's cause of action. It is true, as counsel claim, that the name given a paragraph of answer or its prayer for relief does not determine its character or sufficiency. But we think there was no available error in sustaining appellee's demurrer to the first paragraph of answer, whether it be regarded as a plea in abatement or an

answer in bar.    Appellee is the payee of the note in suit, and in such case it has been held by this court that the maker of such note is estopped from denying that the payee thereof is the real party in interest."    *    *    *    *

*Offutt v. Rucker,* 27 N. E. 589:

"The third and last specification of error challenges the correctness of the ruling of the circuit court in sustaining the demurrer to the fifth paragraph of the answer.    The gist of this answer is that the appellee, at the time the check was drawn, was not and is not now, the real owner thereof, but that it is owned by appellee's husband, as against whom the appellant has some sort of defense to the action.    The appellant, being the drawer of the check, sustains to it the same relation a maker does to a promissory note.    Such maker is estopped to deny that the payee of the instrument was the real party in interest.    We are, therefore, of the opinion that the court committed no error in sustaining the demurrer to the third and fifth paragraphs of the appellant's answer.

In *Nicolay v. Fritschle,* 40 Mo. 67, it is also held that it is no defense for the maker of a promissory note to allege that the payee, who is the plaintiff in the action is not the owner and holder and not the real party in interest.

Many other authorities might be cited which are in harmony with the cases just referred to, but we do not desire to even go as far as some of these courts have gone.    It is not necessary in this case.    What we declare here is simply this: When a party executes a note payable to a person named therein or to his order, and then fails to pay the same at maturity, and the payee files his petition reciting the execution of the note by the maker to the plaintiff, for a valuable consideration, and the fact that defendant has defaulted, ownership is presumed in the plaintiff from the facts pleaded; and it

is not necessary for him to formally allege that he is still the owner and holder of such note; and an answer which denies that such plaintiff and payee is the owner and holder of such note sued on, and alleges that he is not the real party in interest, states no defense, and the plaintiff is entitled to judgment on the pleadings.

For the reasons herein stated the judgment of the district court is hereby affirmed, at the cost of the appellants.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.