**Margaret SKALNIK, Appellant,**

v.

**TOWN OF SPERRY, TULSA COUNTY,**
**Oklahoma, a municipal corporation,**
**et al., Appellees.**

**No. 46612.**

Court of Appeals of Oklahoma,
Division No. 1.

Sept. 24, 1974.

Released for Publication by Order of Court
of Appeals, Oct. 17, 1974.

Robert L. Mason, Tulsa, for appellant.

Johnson & Fisher, by Ted R. Fisher, Tulsa, for appellees.

BOX, Presiding Judge:

An appeal by Margaret Skalnik from the dismissal of her amended petition seeking a writ of prohibition. The petition was dismissed after the District Court of Tulsa County sustained the demurrer of the respondent, Town of Sperry.

Petitioner-Appellant is charged with the violation of an ordinance of the Town of Sperry. Believing the ordinances to be invalid and the Municipal Court of the Town of Sperry not to be properly constituted, the petitioner applied to the District Court of Tulsa County for a writ of prohibition and a writ of mandamus. The District Court sustained a demurrer to this· petition. Petitioner chose to amend her petition.

The. court then sustained a demurrer to and dismissed the amended petition which sought only a writ of prohibition. Petitioner has appealed from this dismissal.

Appellant's petition in error alleges, as a second allegation of error, that; "The Trial Court further erred in even considering a demurrer in a combination prohibition, mandamus action." This allegation of error has been waived by petitioner's taking leave to amend and filing an amended petition. This has long been the settled law in Oklahoma. Berry v. Barton, 12 Okl. 221, 71 P. 1074 (1902), held in Syllabus I:

> "When a demurrer is sustained to a pleading, and the pleader thereupon takes leave to amend, he thereby waives the error, if any has been committed, in sustaining such demurrer. In order to take advantage of a ruling on a demurrer when such demurrer is sustained, the party must stand upon his pleading held to be defective, and not amend."

The question to be decided on this appeal is whether petitioner's amended petition alleged facts, when taken as true, sufficient to warrant the issuance of the extraordinary writ.

The amended petition alleged as follows:

"I.

"That all parties involved in this litigation are residents of Tulsa County, State of Oklahoma, and that this Court has jurisdiction by virtue of Title 11, Oklahoma Statutes, Section 958.17.

"II.

"That on January 31, 1969, the Board of Trustees of the Town of Sperry, in Tulsa County, State of Oklahoma, did pass a resolution for the purpose of vitalizing their Municipal Court in accordance with Title 11, Oklahoma Statutes and did instruct their attorney to proceed immediately to prepare ordinances for said Court.

"III.

"Petitioner alleges further that the Board of Trustees did pass Ordinance

No. 92 for the purpose of creating a Municipal Court and did post said Ordinance on February 3, 1969. Said Ordinance, by its own verbage, provided for publication as provided by law. At the bottom thereof, there is a proof of posting.

"IV.

"Petitioner further alleges that the constitution of the State of Oklahoma, Article 7, Section 1, did abolish all Municipal Courts not complying with certain statutory provisions. That the constitution further provided in said same Article for the continuing of laws and rules of Court but there is no provision for the continuance of Ordinances. (Article 7, Sec. 13)

"V.

"Petitioner further alleges that Title 11, Oklahoma Statutes, Section 958.1 and following, did provide the method for creating said Municipal Court. That the Constitution as taken with the statutes of the State of Oklahoma, provides no method for the continuance in effect of pre-existing ordinances and that they have been by constitutional amendments repealed.

"VI.

"That by Section 5 of Ordinance No. 92, the Board of Trustees of the Town of Sperry did purport to carry into existence all of the pre-existing ordinances and did purport to do so by posting.

"VII.

"Petitioner further alleges that Title 11, Section 579.1, Oklahoma Statutes, states that ordinances relating to traffic, buildings, plumbing, electrical wiring, fire prevention, inflammable liquids, the production, pasteurizing and sale of milk and milk products, provides for publication in a newspaper in accordance with Section 579. That by its terms, posting is not mentioned.

"VIII.

"Petitioner further alleges that by virtue of the failure to comply in regard to newspaper publication, that the Town of Sperry is without any Ordinance in regard to the aforementioned subjects.

"IX.

"Petitioner further alleges that on or about June 6, 1972, the 'City of Sperry, Oklahoma,' by and through its police department did arrest Petitioner and required that a cash bond be posted; said arrest purporting to be for a violation of a town ordinance. On June 19, 1972, Petitioner appeared in person and by and through her attorney, and were delivered an information from the purported Municipal Court of the City of Sperry. Petitioner alleges that there is no 'City of Sperry' and that there is no existing valid town ordinance.

"X.

"Petitioner further alleges that when she appeared on the 19th day of June, 1972, that there was not one copy of the ordinances in the office of the City and Town Clerk available for public use, inspection and examination as required by Title 11, Oklahoma Statutes, Section 579.1.

"XI.

"Petitioner further alleges that the Town of Sperry by not having complied with the aforesaid statutes is without any traffic ordinances and that any court purporting to enforce a traffic ordinance for the Town of Sperry is attempting a usurpation of jurisdiction and power. Further, any Court purporting to be Municipal Court for the 'City of Sperry' is purporting to represent a non-existent entity and usurp both jurisdiction and power.

"XII.

"Petitioner therefore, respectfully requests the Court to issue a Writ of Prohibition to the Board of Trustees of the Town of Sperry from purporting to, by their police department, exercise a jurisdiction for which there are no valid ordinances from which a Court could exercise jurisdiction and to further prohibit

the Town of Sperry by and through said Board of Trustees from exercising any jurisdiction over any traffic matter until valid ordinances are passed according to the Statutes of the State of Oklahoma. Petitioner further respectfully requests this Court to also issue a Writ of Prohibition to the Board of Trustees of the Town of Sperry from providing any funds or receiving any funds from a non-existent Court, to-wit: The Municipal Court of the City of Sperry, and to prohibit the conducting of any matters in regard to police power until not only are these valid ordinances, but copies are available for public use in compliance with the Statutes of the State of Oklahoma.

"WHEREFORE, Petitioner respectfully requests this Court to forthwith issue a Writ of Prohibition against each and every Defendant herein."

The court system of the State of Oklahoma was changed by constitutional amendment adopted by election July 11, 1967. As amended, the Constitution of the State of Oklahoma, Article 7, § 1, provides in relevant part:

" . . . Municipal Courts in cities or incorporated towns shall continue in effect and shall be subject to creation, abolition or alteration by the Legislature by general laws, but shall be limited in jurisdiction to criminal and traffic proceedings arising out of infractions of the provisions of ordinances of cities and towns or of duly adopted regulations authorized by such ordinances."

Article 7, § 13 of the amended Oklahoma Constitution is a savings clause. It provides:

"In the event the abolition of any court or office hereunder is held by any court of competent jurisdiction to not take effect upon the effective date of this Article, then such court or office shall be abolished and terminated at the expiration of the term of the officer holding such office with the same provisions applying thereto, as if abolished on the effective date of this Article."

We find that although the jurisdiction of municipal courts was limited, they were not abolished by the Constitutional Amendment. 11 O.S.1971, § 958.3a provided a method for towns and cities to continue the existence of their courts without being re-established. Towns and cities were allowed until 60 days after July 1, 1970 to adopt a resolution determining "that the efficient disposition of cases involving the violation of ordinances of the city (city includes incorporated towns, see 11 O.S.1971, § 958.1) necessitates continuing the court in operation." A certified copy of the adopted resolution was then to be filed in the office of the county clerk of the county in which the city or town is located and in the office of the clerk of the Oklahoma Supreme Court. The Town of Sperry passed such a resolution on June 22, 1970. The resolution was filed with the clerk of the Oklahoma Supreme Court on July 19, 1970. We take judicial notice of such resolution and filing as allowed by this statute.

The petition alleges that because Article 7, §§ 1 and 13 of the Oklahoma Constitution and 11 O.S.1971, § 958.1 fail to provide for the continuation of ordinances that the Town of Sperry has no valid ordinances. The provisions just mentioned deal with court structure and reorganization. There was a need to designate where jurisdiction would be transferred and where it would be retained. No need existed to provide by constitutional amendment for the continuation of ordinances. A reorganization of the state court structure may have called for affirmative action to carry over pre-existing municipal courts. However, duly adopted substantive laws as well as ordinances continue to be valid so long as the enacting authority retains power.

Ordinances are a product of the authority of a properly established city or town government. The statutory source of a town's power to establish ordinances is

11 ·O.S.1971, § 1004. It provides in relevant part, as follows:

> "The Board of Trustees shall have the following powers, viz.:
>
> " . . .
>
> "Seventeenth. To make and establish such bylaws, ordinances, and regulations, not repugnant to the laws of this state, as may be necessary to carry into effect the provisions of this chapter, and to repeal, alter, or amend the same as they shall seem to the Board of Turstees of such town to require, but every bylaw, ordinance, or regulation, unless in case of emergency, shall be published in a newspaper of such town, if one be printed therein, or posted in five public places, at least ten days before the same shall take effect."

In addition to granting towns the power to adopt ordinances, the above quoted section provides for publication by posting. 11 O.S.1971, § 579 also provides for posting:

> " . . . *or* by ten (10) written or printed handbills posted up at as many public places, *or* in pamphlet form, to be distributed or sold, as may be provided by ordinance; . . . " (Emphasis supplied.)

■ 11 O.S.1971, § 579.2, referring to ordinances, states that, "Unless published *or* posted as required by law, same shall be null and void." (Emphasis added.) It is reasonable to conclude that the requisite posting constitutes a publication under these statutes.

■ In parts VII and VIII of her petition, petitioner alleges that the ordinances of the Town of Sperry are of no effect because the method of publication provided for in 11 O.S.1971, § 579.1 was not met. In paraphrasing the statute, petitioner omitted one important phrase, to-wit: "which are compilations." There is no allegation that the ordinance she is charged under is a part of a compilation. Additionally, the provisions of 11 O.S.1971, § 579.1 are permissive. Under this statute the city or town is relieved of the duty of full publication of statutes which are compilations. Such compilations may be published by title and summary, so long as three complete copies are available for public use in the office of the city or town clerk.

11 O.S.1971, § 672.1 provides for compilation of ordinances and makes such compilation mandatory. However, the effective date of that section was July 1, 1972. The effective date was moved to July 1, 1973 (11 O.S.Supp.1972, § 672.1), and then to July 1, 1974, (11 O.S.Supp.1973, § 672.-1). Consequently, at the time this action arose the Town of Sperry was under no obligation to compile its ordinances. There being no allegation that the ordinance under which petitioner is charged is a compilation, compliance or non-compliance with 11 O.S.1971, § 579.1 is not material.

■ The allegation in parts IX and XI of the petition that the Town of Sperry called itself a city is of no consequence. It is an error of form and not of substance. If a town places a "City Limits" sign at its outer boundary, such sign may still mark the boundary even if the word "town" should have been used. Petitioner does not allege that there is no Town of Sperry.

In summary, we find that the Municipal Court for the Town of Sperry was validly continued in existence as evidenced by the resolution filed July 15, 1970 with the clerk of the Supreme Court of the State of Oklahoma. We hold that neither the Constitutional provisions nor the statutes referred to by petitioner required any action to maintain the validity of pre-existing town ordinances.

Therefore, the Amended Petition of appellant did not allege facts, taken in their best light, sufficient to warrant the granting of a Writ of Prohibition. The trial court was correct in sustaining a demurrer to this pleading and we therefore affirm its decision to dismiss this case.

Affirmed.

ROMANG, J., concurs.